UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ADOLFO URIZAR REYES,

                                                Plaintiff,

    -against-

CAPITAL ONE FINANCIAL CORPORATION,
CAPITAL ONE, N.A.,
CAPITAL ONE BANK (USA), N.A.,

                                              Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-1176 (JMA) (AYS)

**FILED
CLERK**

9:51 am, Mar 16, 2023

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On March 3, 2022, Plaintiff Adolfo Urizar Reyes ("Plaintiff") commenced this action against Defendants Capital One Financial Corporation ("COFC"), Capital One, N.A. ("CONA"), and Capital One Bank (USA), N.A. ("COB" and collectively, "Defendants"), alleging nine causes of action: (1) breach of contract; (2) violation of Section 349 of the New York General Business Law; (3) violation of Section 350 of the New York General Business Law; (4) breach of the covenant of good faith and fair dealing; (5) negligence; (6) negligent infliction of emotional distress; (7) fraud; (8) violation of Section 5-501 of the New York General Obligations Law; and, (9) for declaratory and injunctive relief. (Compl., ECF No. 1.)

Plaintiff's Complaint arises out of a dispute regarding a checking account (the "Account"), which Plaintiff opened at Defendants' East Hampton, New York branch on or about March 4, 2016. (Id. ¶ 14.) On or about September 20, 2020, Defendants froze Plaintiff's Account, as well as the associated debit and credit cards, without any explanation to Plaintiff and leaving him without access to any of the funds held in the Account. (Id. ¶ 17.) On or around August 13, 2021, Plaintiff's attorney contacted an attorney for Defendants, who advised that they could not assist Plaintiff or provide any documents regarding his Account without a subpoena. (Id. ¶¶ 23, 31.) Plaintiff

thereafter obtained a subpoena and issued it to Defendants. (Id. ¶ 43.) Unsatisfied with Defendants' response and surmising that Defendants may have submitted a suspicious activity report pursuant to the Bank Secrecy Act, 31 U.S.C. §§ 5310, et seq. – which prohibits Defendants from responding to the subpoena – Plaintiff commenced the instant action. (Id. ¶ 44.)

After Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 9), the Court referred the motion to Magistrate Judge Anne Y. Shields for a report and recommendation ("R&R"). (Electronic Order dated Oct. 20, 2022.) Now before the Court are Plaintiff's objections to Magistrate Judge Shields's R&R, which recommends that the Court partially grant Defendants' motion to dismiss but allow Plaintiff to amend the Complaint. (ECF Nos. 19, 20.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Shields's R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which Plaintiff has objected. Specifically, Plaintiff objects to the R&R's recommendations that: (1) the Complaint be dismissed with prejudice as to Defendants COFC and COB; (2) his claims for violation of Section

5-1501 of New York's General Obligations Law (Count VIII) and for declaratory and injunctive relief (Count IX) be dismissed with prejudice as to all Defendants; and (3) he be permitted to replead his remaining claims and file an amended complaint only against Defendant CONA. (R&R at 19-20.)

After conducting a <u>de novo</u> review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Shields's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court.

Accordingly, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff is granted leave to replead only Counts I through VII of the Complaint and his amended complaint shall be brought only against Defendant CONA; all claims against Defendants COFC and COB are dismissed with prejudice. The amended complaint shall be filed no later than April 17, 2023. Plaintiff's amended complaint shall serve as the operative pleading in this matter and shall be the pleading to which Defendant CONA shall direct its answer or otherwise respond.

**SO ORDERED.**

Dated: March 16, 2023
Central Islip, New York

                                                           /s/ (JMA)
                                                         JOAN M. AZRACK
                                                        UNITED STATES DISTRICT JUDGE